UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CR719CEJ(MLM) |
| | ) | |
| ALICA MARIE JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the Motion of Defendant to Dismiss Indictment. [Doc. 12][1] The government responded. [Doc. 13]

Defendant's Motion is a boiler plate recital of reasons for dismissal except for paragraph 7 which raises a double jeopardy issue as to Counts II and III. No memorandum in support of the motion has been filed and no case authority cited. Local Rule 4.01(A) requires a memorandum in support of any motion filed. The Motion should be denied for failure to comply with the Local Rules.

Defendant has moved to dismiss the indictment on grounds that it is vague, uncertain, indefinite, ambiguous and duplicitous, that it does not contain a plain, concise and definite statement of the essential facts constituting the offense charged, and that it fails to inform the defendant of the nature of the charges against her. Mot. ¶ 1 and 2. She further alleges that the indictment fails to allege sufficient facts to constitute an offense against the constitution or laws of the United States. Mot. ¶ 3. In addition to allegations that the indictment was based on insufficient competent evidence having been presented to the grand jury, defendant alleges that the indictment charges her under laws which are illegal, void and unconstitutional as applied to defendant. Mot. ¶ 4, 5, and 6.

To be legally sufficient on its face, the indictment must contain all the essential elements of the offenses charged, it must fairly inform the defendant of the charges against which the defendant must defend, and it must allege sufficient information to allow the defendant to plead a conviction or an acquittal as a bar to a subsequent prosecution. United States Const. Amends. V and VI;

---

[1] An Evidentiary Hearing on Pretrial Motions was scheduled on 1/17/06. At the time of the Hearing, defendant waived the filing of all pretrial motions except the instant Motion to Dismiss.

Fed.R.Crim.P. 7(c); Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Just, 74 F.3d 902, 903-04 (8th Cir. 1996); United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993), cert. denied, 513 U.S. 831, (1994); United States v. Young, 618 F.2d 1281, 1286 (8th Cir.), cert. denied, 449 U.S. 844 (1980). The double jeopardy issue will be taken up *infra*.

The offense of misuse of a social security number (charged in Count I as occurring on 4/17/04 and in Count II as occurring on 3/19/05) has four elements: 1.) the defendant represented a Social Security Account Number to be the number assigned to her by the Commissioner of Social Security; 2.) that representation was false; 3.) the defendant did so with the intent to deceive; and 4.) the defendant did so for the purpose of committing credit fraud and to obtain property. 42 U.S.C. § 408(a)(7)(B). The Indictment, which is incorporated by reference as if fully set out herein, contains all of the elements of the crime charged in Counts I and II. It gives the dates of the offenses and allows sufficient information to allow defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.

The crime of aggravated identity theft charged in Count III has three elements: 1.) the defendant knowingly used a means of identification of another person; 2.) the defendant did so without lawful authority; and 3.) the defendant did so during and in relation to a felony violation of 42 U.S.C. § 408. 18 U.S.C. § 1028(A)(a)(1) and (c)(11). The Indictment contains all of the elements of the crime charged in Count III as well as the date of the offense and allows sufficient information to allow defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.

The defendant alleges that the indictment was returned on the basis of insufficient and/or incompetent evidence. An indictment valid on its face is immune from attack by a claim that there was insufficient competent evidence presented to the grand jury. United States v. Calandra, 414 U.S. 338, 349-52 (1974); Costello v. United States, 350 U.S. 359, 363-64 (1956).

An indictment may be based in whole or in part on hearsay evidence, Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395 (1959); United States v. Bednar, 728 F.2d 1043, 1049 (8th Cir.), cert. denied, 469 U.S. 827 (1984). The government states that no illegally seized evidence was presented to the grand jury in the present case, however, even if it had been, the indictment would not be rendered invalid by such evidence. United States v. Calandra, 414 U.S. 338, 354 (presentation

of inadmissible evidence to grand jury involves no independent or new violation of the Fourth Amendment); United States v. Levine, 700 F.2d 1176, 1179 (8th Cir. 1983) (the exclusionary rule does not prohibit illegally seized evidence from being considered by a grand jury).

Defendant also alleges that defendant is charged under laws that are unconstitutional. Defendant cites no authority or reason for this bald statement. The court can not be expected to guess defendant's basis for the statement or the grounds upon which she makes this allegation.

Defendant claims Counts II and III constitute double jeopardy. Count II charges defendant with using a Social Security Number not assigned to her in order to obtain money or property by means of deceit.[2] Count III charges her with using a means of identification of another person during and in relation to the offense charged in Count II. Defendant seems to assume the "means of identification" in Count III was the Social Security Number used in Count II. However, "means of identification" is not limited to the use of a Social Security Number. It can also include a person's name, date of birth, etc. The government points out in its Response that defendant used a number of means of identification including both the name and true Social Security Number of her victim. Thus, each count deals with different conduct.

It is not a violation of double jeopardy if the statutes, here 42 U.S.C. 408(a)(7)(B) and 18 U.S.C. § 1028A, each requires proof of a fact that the other does not, Blockburger v. United States, 284 U.S. 299, 304 (1932)[3] or if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions. See Garrett v. United States, 471 U.S. 773, 778 (1985).

Here, misuse of a Social Security Number requires proof that defendant falsely represented that a Social Security Number was the number assigned to defendant (which aggravated identity theft does not require); aggravated identity theft requires proof that the means of identification used was during and in relation to a felony violation of another (specified) statute (which misuse of a Social Security Number does not). Therefore, the statues pass the Blockburger test.

---

[2] The card was assigned to another person, Alicia Marie Johnson.

[3] The government agrees that if the court decides the charges do constitute double jeopardy, the government would elect to dismiss Count II and would supercede the Indictment.

In addition, even if the court should find the statutes deal with the same conduct, 18 U.S.C. §1028(A), enacted in 2004, clearly shows Congress' intent to impose cumulative punishment because the statute mandates a consecutive two year term of imprisonment. See 18 U.S.C. 1028(A)(b)(2).[4]

This indictment is a plain, concise and definite statement of the essential facts constituting the offenses charged and complies in all respects with Rule 7 of the Federal Rules of Criminal Procedure. It tracks the language of the statutes and places the defendant on notice of the nature and extent of the charges in order to protect her from double jeopardy. See Hamling, 418 U.S. at 117; Young, 618 F.2d at 1286. The indictment should not be dismissed.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Motion to Dismiss Indictment be **DENIED**. [Doc. 12]

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this   20th   day of January, 2006.

---

[4] 18 U.S.C. § 1028(A)(b)(2) states in pertinent part: (2)...no term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment imposed on the person under any other provision of law, including any term of imprisonment imposed for the felony during which the means of identification was transferred, possessed, or used;